# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MATEEN ABDUL-AZIZ,**

    **Petitioner,**

v.                                          **CIVIL ACTION NO. 1:05CV86**
                                              **CRIMINAL ACTION NO. 1:03CR39**
                                                **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

On May 27, 2005, the *pro se* petitioner, Mateen Abdul-Aziz, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. It appears the petitioner's motion may be untimely.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

    The limitation period shall run from the latest of the following:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction became final on the date on which the district court entered his judgment of conviction if the petitioner did not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).

When a federal habeas court perceives a *pro se* §2255 motion to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal pursuant to §2255 absent a sufficient explanation. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Based on the information provided by the petitioner, it appears his §2255 motion is untimely. The Court entered the petitioner's Judgment and Commitment Order on May 19, 2004. The petitioner did not file a direct appeal. Thus, it appears that the petitioner's conviction became final on May 19, 2004, and he had until May 19, 2005, to file a §2255 motion.

The petitioner is warned that his §2255 motion will be recommended for dismissal unless he can demonstrate he is entitled to have the statute of limitations equitably tolled and his motion is timely filed.

Any response the petitioner has to this order must be received by the Clerk of Court **within 30 days** from the date of entry of the order. Failure to respond to this order **within 30 days** from the date of entry will result in the recommendation that the petitioner's §2255 motion be denied as

untimely.

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* petitioner.

Dated: June 27, 2005

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**