IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MATEEN J. ABDUL-AZIZ,

        Petitioner,

v.                           Civil Action No. 1:05CV86
                             (Criminal Action No. 1:03CR39)
UNITED STATES OF AMERICA,            (STAMP)

        Respondent.


### MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DENYING RELIEF AS TO GROUNDS ONE, TWO AND THREE; WITHDRAWING AND DISMISSING GROUNDS FIVE AND SIX; AND GRANTING RELIEF ON GROUND FOUR

I.  Procedural History

The petitioner, Mateen J. Abdul-Aziz, filed a pro se[1] petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. In the petition, Abdul-Aziz raises six claims for relief. The Court referred this case to United States Magistrate Judge John S. Kaull, for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

On May 6, 2008, Magistrate Judge Kaull filed a report recommending that grounds one, two and three in Abdul-Aziz' § 2255 motion be denied and dismissed on the merits. Moreover, Magistrate Judge Kaull recommended that Abdul-Aziz' request to withdraw

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

grounds five and six be granted and those claims be dismissed. However, with respect to ground four, ineffective assistance for failure to file an appeal, Magistrate Judge Kaull recommended that Abdul-Aziz be appointed counsel and that an evidentiary hearing be held as to ground four.

At the conclusion of his report, Magistrate Judge Kaull advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation. Because neither party filed objections to the magistrate judge's report and recommendation, on July 17, 2008, the Court affirmed and adopted the report and recommendation in its entirety. Specifically, the Court denied grounds one, two, three, five and six for the reasons stated by the magistrate judge, appointed counsel for Abdul-Aziz and scheduled an evidentiary hearing on ground four, ineffective assistance of counsel for failing to file an appeal, for August 11, 2008 at 1:15 p.m.

On July 24, 2008, Abdul-Aziz filed a Motion for Reconsideration or Alteration or Amendment of the Court's Memorandum Opinion and Order Affirming and Adopting the Report and Recommendation of the Magistrate Judge. In said motion, Abdul-Aziz asserted that he never received a copy of the magistrate judge's

report and recommendation. Therefore, Abdul-Aziz asserted that it was impossible for him to file timely written objections.

On July 30, 2008, the Court granted the petitioner's Motion for Reconsideration to the extent that Abdul-Aziz was granted up to and including August 8, 2008, to file objections to the magistrate judge's report and recommendation.[2] Moreover, Abdul-Aziz was advised that the Court would consider his objections at the evidentiary hearing scheduled for August 11, 2008. However, Abdul-Aziz failed to file any objections by the August 8th deadline.

At the evidentiary hearing on August 11, 2008, Abdul-Aziz appeared with appointed counsel, Brian J. Kornbrath, Federal Public Defender. Also present was Assistant United States Attorney John C. Parr. At the outset of the hearing, Mr. Parr informed the Court that petitioner's trial counsel, James M. Pool, had retired from the practice of law and no longer resided in the area. Moreover, Mr. Parr informed the Court that his office had been unable to locate Mr. Pool. Therefore, because the government could not defend on ground four, it conceded, through Mr. Parr, that relief should be granted on that ground, ineffective assistance of counsel

---

[2]Although Abdul-Aziz argued that the magistrate judge failed to send him a copy of the report and recommendation, in the order granting the petitioner's motion for reconsideration, the Court noted that a review of the docket in this matter showed that a copy of the report and recommendation was mailed to Abdul-Aziz on July 10, 2008. However, because no return of service or return receipt appeared on the docket, the Court found that such circumstances dictated that Abdul-Aziz be given the opportunity to make his objections.

for failing to file an appeal.  Abdul-Aziz, through counsel, stated no objection.

However, Mr. Kornbrath informed the Court that, because he had been in transit to appear before the Court for the scheduled evidentiary hearing, Abdul-Aziz had not received a copy of the Court's order granting his motion for reconsideration and was not aware that his time for filing objections to the magistrate judge's report and recommendation had been extended to August 8, 2008. Thus, Mr. Kornbrath requested that Abdul-Aziz again be given additional time to file objection to the magistrate judge's report and recommendation and that the Court defer a final ruling on the petition until after the petitioner's time for filing objections had expired.  The Court granted Mr. Kornbrath's request and agreed to defer a final ruling on this case until after August 21, 2008, the date the Court set for Abdul-Aziz to file his objections to the report and recommendation.  Abdul-Aziz filed his objections to the magistrate judge's report and recommendation on August 21, 2008.

## II.  <u>Facts</u>

On December 3, 2003, the petitioner entered into a plea agreement by which he agreed to plead guilty to violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), aiding and abetting in the distribution of cocaine within 1,000 feet of a playground.  The parties stipulated in the plea agreement that the relevant conduct in this matter was 152 grams of cocaine base.

At the plea hearing, the government set forth the terms of the plea agreement and specifically stated: "[u]nder paragraph 10, the parties stipulate and agree that the drug relevant conduct of the defendant is 152 grams of cocaine base. There is a further understanding that the defendant reserves the right to contest the issue of the 108 grams seized -- actually all of the drugs seized, about 109 grams of actual application under the Guidelines to either 1B1.3 or any double jeopardy issues, he reserves that right to the drugs seized in Pennsylvania." Plea Tr. (Dckt. 281) at 8. The Court specifically asked Abdul-Aziz if he understood and agreed with all of the terms of the plea agreement. The petitioner stated that he did. Id. at 10. Later, the Court advised Abdul-Aziz that it was not bound by "any recommendation or stipulation contained in the plea agreement," and that the Court could, upon another independent investigation, reject any such recommendation or stipulation, and the petitioner would still be bound by his plea. Id. at 10-11. The petitioner again affirmed his understanding of terms of the plea agreement. Id. Late, when the Court later asked Abdul-Aziz whether counsel had effectively represented him, the petitioner replied affirmatively. Id. at 24.

After the presentence report was prepared, Abdul-Aziz objected to the inclusion of the 108 grams of cocaine as part of his relevant conduct on the basis of Double Jeopardy. However, when the Commonwealth of Pennsylvania later withdrew its charges against

the petitioner based on the 108 grams, Abdul-Aziz withdrew his objection. Therefore, on May 17, 2004, after considering all relevant factors, the Court imposed a sentence of 168 months imprisonment.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which an objection is made.

In his objections, Abdul-Aziz objects to the magistrate judge's recommendation as to grounds 1(a) through 1(f), the petitioner's ineffective assistance of counsel claims. Therefore, this Court is required to review those portions of the magistrate judge's recommendation <u>de novo</u>. However, because the parties have not objected to the magistrate judge's recommendations as to grounds 1(g), two or three, and do not object to the magistrate judge's recommendation that grounds five and six be voluntarily withdrawn, this Court is required to review those recommendations only for clear error. After considering <u>de novo</u> the matters to

6

which objections were raised, and reviewing for clear error the matters to which no objections were raised, this Court concludes that the magistrate judge's report and recommendations should be affirmed and grounds one, two, three, five and six dismissed. Moreover, pursuant to the government's concession at the evidentiary hearing as to ground four, ineffective assistance of counsel for failing to file an appeal, the Court further concludes that ground four of the petitioner's § 2255 motion should be granted and the petitioner be resentenced so as to allow him to file an appeal.

## IV. <u>Discussion</u>

A.   <u>Grounds 1(a) through 1(f)</u>

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court articulated the standards used to measure ineffective assistance of counsel. The Court stated that "[t]he benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." <u>Id.</u> at 686. Thus, in order to prove an ineffective assistance claim, a defendant must show that "counsel's performance was deficient," and that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." <u>Id.</u> at 687. Under this two-prong test, a claim will be successful only if (1) counsel made significant missteps, and (2) "but for

7

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

1. Ground 1(a)

In this ground, Abdul-Aziz asserts that counsel was ineffective for advising him to enter into a stipulation that violated U.S.S.G. § 6B1.4 because it is ambiguous and misleading and fails to identify all areas of the agreement. In the report and recommendation, Magistrate Judge Kaull found that the merit of this claim turned upon the requirements of U.S.S.G. § 6B1.4 and whether the stipulation in this case "ran afoul" of that section. Ultimately, Magistrate Judge Kaull found that the stipulation in this case did not run afoul of § 6B1.4, and that even if it did, the petitioner suffered no prejudice as a result.

In his objections, Abdul-Aziz appears to clarify his claim by stating that he contends his relevant conduct stipulation violates § 6B1.4 because it allows him to contest his stipulation. Moreover, Abdul-Aziz objects to the magistrate judge's finding that he suffered no prejudice. After a de novo review of ground 1(a), the Court finds that ground 1(a) is without merit and the petitioner's objections to the magistrate judge's findings in the report and recommendation are overruled.

The facts of this case show that the plea agreement did not allow the petitioner to contest the 152 gram relevant conduct stipulation. Instead, it allowed him to contest the 108 grams of

cocaine base seized during the Pennsylvania traffic stop used to calculate the 152 gram stipulation. Moreover, as noted by the magistrate judge in his report and recommendation, even had the 108 grams been effectively excluded from the petitioner's relevant conduct, there where still more than 400 grams of crack cocaine that the government could have used to fill that void. Thus, counsel was not ineffective for advising Abdul-Aziz to accept a relevant conduct stipulation of 152 grams.

    2.   <u>Ground 1(b)</u>

    In this ground, Abdul-Aziz asserts that counsel was ineffective for inducing him to plead guilty based on incompetent legal advice. More specifically, Abdul-Aziz asserts that counsel's claim that the 108 grams of crack cocaine seized in Pennsylvania could be excluded under the Double Jeopardy Clause of the United States Constitution was patently wrong. In reviewing this claim, Magistrate Judge Kaull found that even assuming that counsel misadvised Abdul-Aziz as to the viability of a double jeopardy claim, the petitioner suffered no prejudice from that advice because there were more than 108 grams of other drugs that could have taken the place of the 108 grams seized in Pennsylvania.

    In his objections, Abdul-Aziz asserts that the magistrate judge inappropriately relied on the drug quantities found by the probation officer in the presentence report because the presentence report had not been prepared at the time he entered his

stipulation. Moreover, Abdul-Aziz asserts that the drugs attributed to him in the presentence report were based on the testimony of his three co-defendants and was inherently unreliable, as recognized by the probation officer in the report. Finally, Abdul-Aziz argues that he was not held accountable for the 455 additional grams at sentencing and therefore implies that this Court cannot now examine those additional drug amounts to determine whether he suffered any prejudice. After a <u>de novo</u> review of ground 1(b), the Court finds that ground 1(b) is without merit and the petitioner's objections to the magistrate judge's findings in the report and recommendation are overruled.

First, simply because the presentence report was not prepared until after the petitioner entered into the plea agreement by no way means that counsel, or the petitioner, was not aware that the government would try to prove such amounts at trial. Both Abdul-Aziz, and his counsel, would have been aware, through pretrial discovery and other means, that if his case went to trial, the government would have tried to prove much more relevant conduct than the 152 grams stipulated to in the plea agreement. That is the benefit Abdul-Aziz reaped by agreeing to such a stipulation. Moreover, the Court is not constrained by the 108 grams of cocaine seized in Pennsylvania in determining whether Abdul-Aziz suffered any prejudice by counsel's alleged bad advice as to the double jeopardy claim. The Court can consider all relevant factors in

determining whether counsel's conduct was ineffective. Regardless of what the petitioner thinks now, considering the alternative, it was neither unreasonable nor deficient for counsel to advise the petitioner to stipulate to 152 grams of relevant conduct at the time of the plea.[3]

    3. <u>Ground 1(c)</u>

In this ground, Abdul-Aziz asserts that he was induced to plead guilty through "coercion, duress and persuasion." More specifically, Abdul-Aziz asserts that he orally agreed to plead guilty in exchange for the government's promise not to increase his brothers' terms of imprisonment. In the report and recommendation, Magistrate Judge Kaull found that this claim was refuted by the record because, under oath at the plea hearing, Abdul-Aziz specifically informed the Court that he had no other side deals or agreements with the government.

In his objections, Abdul-Aziz asserts that the magistrate judge was wrong to rely on his statements made at the plea hearing, that he did not discover he had a legal right to be free from coercion until after he was sentenced and that the verified and sworn statements made in his § 2255 motion constitute clear and

---

[3]Any inherent inaccuracies in the relevant conduct information provided by the petitioner's co-defendants is inapposite. Even assuming that the government could not have proven that some of the additional 455 grams was relevant conduct was attributable to petitioner, it is highly unlikely, if not improbable that all of the 455 grams would have been excluded. The government would have had to prove only 108 of the 455 grams.

convincing evidence that his plea was coerced. After a de novo

review of ground 1(c), the Court finds that ground 1(c) is without

merit and the petitioner's objections to the magistrate judge's

findings in the report and recommendation are overruled.

In Blackledge v. Allison, 431 U.S. 63, 73-74 (1974), the

Supreme Court of the United States held that "[r]epresentations of

[a] defendant, his lawyer, and [the] prosecutor at a plea hearing

with respect to lack of promises influencing [a] guilty plea

constitute a formidable barrier in any subsequent collateral

proceedings, since solemn declarations in open court carry a strong

presumption of veracity, and subsequent presentation of conclusory

allegations unsupported by specifics is subject to summary

dismissal." Moreover, the Fourth Circuit Court of Appeals has

found that a defendant is bound by "the representations he makes

under oath during a plea colloquy," unless there is "clear and

convincing evidence to the contrary." Fields v. Attorney Gen. of

Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992).

In his report and recommendation, Magistrate Judge Kaull

specifically relied on Blackledge and Fields to determine that the

petitioner's claim of a coerced plea was refuted by the record.

Moreover, the transcripts of the petitioner's plea hearing confirm

that when asked, Abdul-Aziz specifically stated that he had no

deals or agreements with the government other than those contained

in the plea agreement. It is well-settled that the Court may, and

should, rely on the statements made by a defendant under oath at his plea hearing.  Thus, it is the opinion of this Court that the statements made by Abdul-Aziz in his sworn § 2255 motion, while given thorough consideration, are not, in and of themselves, clear and convincing evidence which refutes the petitioner's prior statements made under oath at his plea hearing.[4]

    4. <u>Ground 1(d)</u>

    In this ground, Abdul-Aziz asserts that the government committed a fraud upon the Court by failing to disclose the full terms of the plea agreement.  In support of this claim, the petitioner asserts that the government failed to inform the Court of its oral agreement with the petitioner as to his brothers. Moreover, the petitioner asserts that his counsel was ineffective for failing to object.  In his report and recommendation, Magistrate Judge Kaull found that because there was no credible evidence that any outside agreements existed, Abdul-Aziz had failed

---

    [4]The Court is not persuaded by the petitioner's further argument that the government has not specifically refuted this claim.  In his objections, Abdul-Aziz also asserts that the government acknowledges this claim, but provides no sworn affidavits or other testimony to refute the claim.  Objections (Dckt. 441) at 12.  However, the petitioner appears to confuse the burden of proof.  In a § 2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them.  <u>See</u> <u>Sutton v. United States of America</u>, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006) (" A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence.").  Moreover, the government, as it has done in its response, may rightly rely on petitioner's sworn statements at his plea hearing to refute this claim.  <u>See</u> Resp. (Dckt. 313) at 8-9.

to establish that either the government committed a fraud upon the Court or that counsel was ineffective for not objecting.

In his objections, Abdul-Aziz asserts his sworn § 2255 motion is credible evidence to show the existence of such outside agreement. In addition, Abdul-Aziz asserts that he filed sworn affidavits from one of his brother's girlfriends which supports his allegation that such an agreement existed. Finally, the petitioner again asserts that the government has not specifically refuted that such an agreement existed. After a <u>de novo</u> review of ground 1(d), the Court finds that ground 1(d) is without merit and the petitioner's objections to the magistrate judge's findings in the report and recommendation are overruled.

As noted previously, although given due consideration, the petitioner's sworn statements in his § 2255 motion are not, by themselves, sufficient to prove his claims by a preponderance of the evidence. Simply because the petitioner now says the agreement existed, does not make it so, particularly in light of the testimony the petitioner gave under oath at his plea hearing. Moreover, the Court does not find that a sworn affidavit from a girlfriend of one of the petitioner's brothers is "clear and convincing evidence" sufficient to overcome the presumption of veracity that accompanies the petitioner's sworn statements at his plea hearing. Finally, the Court has already addressed the

petitioner's claim that the government did not properly respond to or refute this claim and found it to be without merit.

     5.   <u>Ground 1(e)</u>

In this ground, Abdul-Aziz asserts that the Court improperly considered the 108 grams of crack cocaine seized in Pennsylvania in his relevant conduct calculation. In support of this claim, the petitioner contends that there was insufficient evidence to conclude that the 108 grams were part of the same course of conduct for which his federal charges stemmed. Therefore, Abdul-Aziz asserts that counsel was ineffective for not objecting to the inclusion of this amount in his relevant conduct calculation. Abdul-Aziz further argues that had counsel objected, the probation officer would have correctly assessed his relevant conduct and the outcome of the proceedings would have been different. In the report and recommendation, Magistrate Judge Kaull determined that this claim was nothing but speculation and conjecture and that Abdul-Aziz had not shown by a preponderance of the evidence that the outcome of his proceedings would have been any different.

In his objections, Abdul-Aziz asserts that the 108 grams of cocaine seized in Pennsylvania do meet the requirements for relevant conduct under U.S.S.G. § 1B1.3(a)(2). Moreover, he asserts that while the magistrate judge laments the petitioner's claims as speculation, the magistrate judge then bolsters his own position by speculating that the outcome of the proceedings would

15

not have been different, even though the presentence report shows that the probation officer refused to include the additional grams of cocaine because the information pertaining to those grams was inherently unreliable. Finally, Abdul-Aziz contends that the magistrate judge's finding that he was not prejudiced by counsel's failure to object because there were additional drug quantities that could have replaced the 108 grams is speculation itself. After a _de novo_ review of ground 1(e), the Court finds that ground 1(e) is without merit and the petitioner's objections to the magistrate judge's findings in the report and recommendation are overruled.

The petitioner's objections as to this ground are misguided in several ways. First, in determining whether prejudice would have resulted from the deficient performance of counsel, the Court must do a certain amount of speculation. Therefore, the magistrate judge's speculation as to what might have happened, is both necessary and proper. The petitioner, on the other hand, is required to prove his claims by a preponderance of the evidence. Speculation is not proof and is not a sufficient or appropriate way for the petitioner to plead his claims.

Second, Abdul-Aziz misapprehends the findings of the probation officer in the presentence report. The probation officer did not find that it was inappropriate to include the additional grams of cocaine in the petitioner's relevant conduct. Presentence Report

(Dckt. 264) at 11. What the probation officer actually said was that it was *unnecessary* to consider those amounts at that time because the plea agreement contained a stipulation of 152 grams of relevant conduct. <u>Id.</u> In fact, the probation officer actually stated his belief that "there are approximately 567 grams of cocaine base attributable to this defendant" and that the stipulation appeared beneficial to the petitioner <u>Id.</u> As previously mentioned, it is highly unlikely that even if the 108 grams seized in Pennsylvania were not considered in his relevant conduct calculation that, petitioner's counsel could have wished away the entire 455 grams of additional drugs that might have been attributable to the petitioner.

Third, the petitioner's assessment of his relevant conduct under U.S.S.G. § 1B1.3 is off the mark. Pursuant to § 1B1.3 (2003), relevant conduct includes:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> That occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

In this case, Abdul-Aziz was arrested during a traffic stop in Pennsylvania which resulted in the seizure of 108 grams of cocaine base. At that time, Abdul-Aziz was being investigated in West Virginia for his alleged involvement in drug offenses involving cocaine base. At the time the petitioner was arrested in Pennsylvania, he was heading toward West Virginia with the 108 grams of cocaine base in his car. Therefore, it appears that even without the stipulation, the 108 grams of cocaine base would have been considered relevant conduct in this case and any objection by counsel would have been futile.

    6.  Ground 1(f)

In this ground, Abdul-Aziz contends that because he reserved the right to contest the stipulation, at sentencing, the government had the burden of proving the disputed amount of drugs. Thus, Abdul-Aziz asserts that his counsel was ineffective for failing to object to the government's failure to present any evidence to warrant the imposition of his 168-month sentence. In the report and recommendation, Magistrate Judge Kaull found that because there was a relevant conduct stipulation in the plea agreement, that was not objected to at the time of sentencing, the guilty plea itself was enough to establish the government's burden of proof, and further evidence was not needed. Accordingly, Magistrate Judge Kaull found that counsel could not have been ineffective for

18

failing to object to the government's failure to present evidence as to relevant conduct.

In his objections, Abdul-Aziz contends that the magistrate judge misconstrued his claim. Abdul-Aziz asserts that his argument is that at the plea hearing there was a dispute between himself and the government over whether the 108 grams of cocaine base seized in Pennsylvania could be considered relevant conduct in his federal case. Therefore, he reserved the right to contest the stipulation as to the 108 grams. Thus, Abdul-Aziz asserts that at sentencing, the burden was on the government to prove the 108 grams were applicable to his relevant conduct. After a de novo review of ground 1(f), the Court finds that ground 1(f) is without merit and the petitioner's objections to the magistrate judge's findings in the report and recommendation are overruled.

First, the Court finds that the magistrate judge accurately characterized the petitioner's argument as to this ground. Moreover, the magistrate judge correctly applied the applicable caselaw. In Boykin v. Alabama, 395 U.S. 238, 242 n.4 (1969), the Supreme Court of the United States noted that "[a] plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need by (sic) advanced . . . It supplies both evidence and verdict, ending controversy." However, the Fourth Circuit Court of Appeals has found that "[w]hen the amount of drugs for which a defendant is to

be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing" and the "government bears the burden of proving by a preponderance of the evidence, the quantity of drugs for which a defendant should be held accountable." United State v. Gilliam, 987 F.2d 1009, 1013 (citing U.S.S.G. § 6A1.3(b), and United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990)).

Here, at the time of sentencing, there was no objection before the Court as to the stipulation of 152 grams of relevant conduct. Although the plea agreement reserved the petitioner's right to challenge the inclusion of the 108 grams in his relevant conduct stipulation, all objections to the 108 grams had been withdrawn by that time. The simple fact that counsel reserved the right to file objections to the 108 grams, did not require that counsel do so. Even if it did, counsel did make an objection based on the Double Jeopardy Clause as he told Abdul-Aziz he would. That objection was later withdrawn, however, when the Pennsylvania state charges were dropped against the petitioner. Counsel did what he said he would do, and Abdul-Aziz has simply not shown that the failure to file further objections was ineffective. Therefore, without any pending objections at the time of sentencing, the plea agreement was all the proof the government needed to advance.

B.  Grounds 1(g), Two, Three, Five and Six

These grounds were reviewed for clear error in the memorandum opinion and order issued on July 10, 2008.  In that order, the Court found no clear error on the part of the magistrate judge in recommending that these grounds be dismissed.  Abdul-Aziz has not objected to these finding in his later submissions.  Therefore, for the reasons set forth in the Court's memorandum opinion and order dated July 10,2008, these grounds are dismissed.

C.  Ground Four

In this ground, Abdul-Aziz asserts that counsel was ineffective for the failure to file an appeal.  With regard to this claim, the Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success."  United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).  Further, in Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered:  Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

Here, the undisputed evidence establishes that Abdul-Aziz requested his attorney file an appeal on his behalf and that no appeal was filed. Thus, pursuant to <u>United State v. Peak</u>, 992 F.2d at 41, prejudice is presumed and this ground is granted.

## V. <u>Conclusion</u>

For the reasons set forth above, the Court finds that the petitioner's objections (Dckt. 440) to the report and recommendation of the magistrate judge should be, and are hereby, OVERRULED. The May 6, 2008 report and recommendation (Dckt. 417) of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, it is ORDERED that grounds one, two, three, five and six of the petitioner's § 2255 motion (Dckt. 288) are DENIED and DISMISSED with prejudice. It is further ORDERED that ground four of the petitioner's § 2255 motion, ineffective assistance of counsel for failing to file an appeal, is GRANTED. The United States Probation Office is hereby DIRECTED to prepare an amended judgment in accordance with this order. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Abdul-Aziz has ten (10) days after the entry of the amended judgment within which to file a notice of appeal relevant to the Court's findings as to ground four of his § 2255 motion, ineffective assistance of counsel for failing to file an appeal. Further, Abdul-Aziz is advised that he has ten (10) days from the date of the entry of this order, to appeal the denial of grounds One, Two, Three, Five and Six, and the dismissal

with prejudice of those claims.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner, by certified mail, return receipt requested, to counsel of record via electronic means, and to the United States Probation Office.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 12, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE