**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

v.              **Criminal Action No. 1:03CR39-1**
                 **(Judge Stamp)**

**MATEEN J. ABDUL-AZIZ,**

   **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On October 18, 2005, the defendant, Mateen Abdul-Aziz ("Abdul-Aziz"), filed a Motion for Return of Personal Property Pursuant to Fed.R.Crim.P. 41(g). (Dckt. 312) In the motion, Abdul-Aziz seeks the return of $2444.00 that was seized from him during a traffic stop in Pennsylvania on March 1, 2003. Abdul-Aziz further asserts that the $2444.00 was given to Assistant United States Attorney John C. Parr during his federal criminal proceedings. Additionally, Abdul-Aziz notes that the United States has not taken any steps to forfeit the money, nor has it provided him with any notice of forfeiture. The motion was referred to the undersigned on November 17, 2005, by an Order of Referral by the District Judge. (Dckt. 315)

On September 16, 2008, the under conducted a review of the defendant's motion and determined that further information was required. (Dckt. 445) Accordingly, the government was directed to file a response. The government filed its response on September 29, 2008. (Dckt. 452)

In its response, the government asserts that while the instant motion was pending, the Court granted the defendant's motion to vacate his sentence under 28 U.S.C. § 2255, for counsel's failure to file an appeal. As a result, the defendant was resentenced on September 25, 2008. The defendant

appealed his conviction and sentence to the Fourth Circuit Court of Appeals on September 26, 2008. That appeal is still pending. Therefore, while the government acknowledges that since the States of Pennsylvania has not moved for forfeiture of the $2,444.00, that money should be returned to the defendant should his appeal ultimately be denied. Because, however, the defendant's appeal is still pending, the government argues that the defendant's request for the return of the $2,444.00 is premature. In support of this claim, the government asserts that should the defendant be successful on appeal, it is likely that the $2,444.00 would be used as evidence of a drug conspiracy at the defendant's retrial.[1] Thus, the government requests that the defendant's motion for the return of property be denied.

On October 31, 2008, Abdul-Aziz filed a reply to the government's response. (Dckt. 459) In his reply, Abdul-Aziz asserts that the $2,444.00 in United States currency was not mentioned in his offense of conviction. Moreover, Abdul-Aziz asserts that the criminal action against him was closed on the date of his original sentencing. Therefore, Abdul-Aziz contends that the return of the $2,444.00 in United States Currency is not dependent on the success of his direct appeal, as all criminal proceedings against him have been terminated, and no forfeiture proceedings exist with regard to the money. Thus, Abdul-Aziz demands the return of his $2,444.00.

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> Motion to Return Property. A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the

---

[1] At least one of the defendant's alleged co-conspirators, Daryl Smith, proceeded to trial. At Mr. Smith's trial, the United States placed into evidence, the $2,444.00 seized from the defendant as part of its evidence of a conspiracy.

> property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A Rule 41(g) motion should be granted if the movant is lawfully entitled to the seized property, there is no continued need by the government to use the seized property as evidence and the seized property is not contraband or subject to forfeiture. United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993). The initial burden of establishing a prima facie case of lawful entitlement is on the movant. See United States v. Bautista, 181 F.3d 91, 1999 WL 366578 (4th Cir. 1999) (unpublished) (citing United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990)). Once the initial burden is met, "the burden shifts to the government to show that 'it has a legitimate reason to retain the property.'" United States v. Lindsey, 202 F.3d 261, 2000 WL 14171 (4th Cir. 2000) (unpublished) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)).

Here, it is undisputed that the defendant has a lawful entitlement to the $2,444.00 in seized United States currency. The issue is wether, at this point in the defendant's criminal proceedings, the government has a legitimate reason to retain the property. While it is true that the defendant's criminal case was terminated upon the original entry of judgment, the defendant has pursued, and been partially successful on collateral review, and currently has a direct appeal of his conviction and sentence pending before the Court of Appeals. Therefore, although the defendant's criminal proceedings are currently closed in this Court, his sentence is not yet final. Thus, as noted by the government, should the defendant's direct appeal be successful, it is possible that the defendant's case could be reopened and remanded to the Court for further proceedings. In the event of those circumstances, it is possible that the $2,444.00 would be used as evidence in those proceedings.

For these reasons, the undersigned recommends that the defendant's Motion for Return of Personal Property Pursuant to F.R.CR.P. Rule 41(g) (dckt. 312) be **DENIED without prejudice** as

premature.[2]  See United States v. Saunders, 957 F.2d 1488, 1495 (8th Cir. 1992) (motion for return of property denied as premature where direct appeal was still pending).

Any party may file within ten (10) days after being served with a copy of this Opinion/Report and Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the pro se defendant by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: November18, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] The government concedes in its response that "[s]hould the defendant's appeal be ultimately denied, then . . . since the State of Pennsylvania has not moved for forfeiture, that the United States currency be returned to [the defendant]."  Response at 2.