**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                  **Criminal Action No. 1:03-cr-39-1**
                                                                        **(Judge Stamp)**

**MATEEN ABDUL-AZIZ,**

    **Defendant.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING
THAT THE DISTRICT COURT DENY AS MOOT PETITIONER'S MOTION TO
ORDER THE GOVERNMENT TO IMMEDIATELY RETURN ABDUL-AZIZS'
$2444.00 AND TO HOLD THE GOVERNMENT IN CONTEMPT OF COURT**

## I.     INTRODUCTION

On January 8, 2010, Defendant Mateen Abdul-Aziz ("Defendant"), proceeding *pro se*, filed a Motion to Order the Government to Immediately Return Abdul-Azizs' $2444.00 and to Hold the Government in Contempt of Court ("Motion"). (ECF No. 510.) The Government responded to Defendant's Motion on April 13, 2011. (ECF No. 564.) For the reasons stated below, the undersigned Magistrate Judge now issues this Report and Recommendation recommending that Defendant's Motion be denied as moot.

## II.     BACKGROUND

On October 18, 2005, Defendant filed a Motion for Return of Personal Property Pursuant to Fed. R. Crim. P. 41(g). (ECF No. 312.) In this motion, Defendant sought the return of $2,444.000 that was seized from during a traffic stop in Pennsylvania on March 1, 2003. (*Id.* at 2.) Defendant further asserted that this money was given to Assistant United States Attorney John C. Parr, that the Government had not taken any action to forfeit the money, and that the Government had not

provided him with any notice of forfeiture. (*Id.* at 3.) On September 16, 2008, the Government responded, asserting that Defendant's request for the return of the $2,444.00 was premature because of his then-pending appeal before the United States Court of Appeals for the Fourth Circuit. (ECF No. 452 at 2.) Specifically, the Government alleged that if Defendant was successful on appeal, the $2,444.00 would likely be used as evidence at Defendant's retrial. (*Id.*) Defendant replied on October 31, 2008, asserting that the return of the $2,444.00 did not depend on the outcome of his direct appeal. (ECF No. 459 at 4.)

In an Opinion/Report and Recommendation ("R&R") filed on November 18, 2008, the Honorable John S. Kaull, United States Magistrate Judge, recommended that Defendant's motion be denied without prejudice because his sentence was not yet final. (ECF No. 465 at 3.) Specifically, Magistrate Judge Kaull noted that the $2,444.00 could be used as evidence if Defendant was successful on direct appeal and his case was reopened. (*Id.*) However, on September 25, 2009, the Honorable Frederick P. Stamp, Jr., United States District Judge, filed a Memorandum Opinion and Order declining to adopt Magistrate Judge Kaull's R&R and granting Defendant's Motion for Return of Property. (ECF No. 503 at 3-4.) Judge Stamp noted that Defendant's direct appeal had become final since the filing of Magistrate Judge Kaull's R&R and that his motion should therefore be granted. (*Id.*)

Defendant filed his instant Motion on January 8, 2010. He asserts that the Government had still not returned the $2,444.00 to him and asks the Court for an Order requiring the Government to immediately return the money and holding the Government in contempt. (ECF No. 510.) On April 13, 2011, the Government responded to Petitioner's Motion. (ECF No. 564.) In its response, the Government argues that Defendant's Motion should be rendered moot because after Defendant's

petition for a writ of certiorari to the United States Supreme Court was denied on April 5, 2010, the Harrison/Lewis County Drug Task Force prepared a check in full for $2,444.00 and mailed it to the Bureau of Prisons to be placed in Defendant's account. (*Id.* at 2.)

### III. ANALYSIS

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). A court should grant a motion pursuant to Rule 41(g) if the movant is lawfully entitled to the seized property, the government has no continued need to use the seized property as evidence, and the seized property is not contraband or subject to forfeiture. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

In his Memorandum Opinion and Order, Judge Stamp noted that it was undisputed that the $2,444.00 lawfully belonged to Defendant and that the Government had not presented Defendant with a forfeiture notice. (ECF No. 503 at 3.) Here, the only issue is whether the Government has returned the $2,444.00 to Defendant. In its response to Defendant's Motion, the Government has represented that after the United States Supreme Court denied Defendant's petition for a writ of certiorari on April 5, 2010, the Harrison/Lewis County Drug Task Force prepared a check for $2,444.00 and mailed the check to the Bureau of Prisons to be credited to Defendant's account. (ECF No. 564 at 2.) Defendant has not filed a reply disputing the Government's representation. Therefore, the undersigned recommends that Defendant's Motion be denied as moot.

## IV.    RECOMMENDATION

For the reasons stated herein, I **RECOMMEND** that Defendant's Motion to Order the Government to Immediately Return Abdul-Azizs' $2444.00 and to Hold the Government in Contempt of Court (ECF No. 510) be **DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Defendant Mateen Abdul-Aziz.

**DATED:** November 28, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE