**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**MATEEN J. ABDUL-AZIZ**,
a/k/a "Charles Brewer,"
a/k/a "Tuna,"

    Petitioner-Defendant,

v.

    Civil Action No. 1:11-cv-21
    Criminal Action No. 1:03-cr-39-1
    (Judge Stamp)

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.   INTRODUCTION**

On March 2, 2011, Petitioner-Defendant Mateen J. Abdul-Aziz ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition" or "Motion"). (Civil Action No. 1:11-cv-23, ECF No. 1; Criminal Action 1:03-cr-39-1, ECF No. 552 ("Mot.").) The next day, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (Civil Action No. 1:11-cv-23, ECF No. 3; Criminal Action No. 1:03-cr-39-1, ECF No. 555.) Petitioner's court-approved form was filed as an attachment to his Motion on March 14, 2011. (Civil Action No. 1:11-cv-23, ECF No. 1, Ex. 8; Criminal Action No. 1:03-cr-39-1, ECF No. 552, Ex. 8.)

On March 15, 2011, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 1:03-cr-39-1, ECF No. 559.) The Government responded to

Petitioner's Motion on April 11, 2011 ("Response"). (Criminal Action No. 1:03-cr-39-1, ECF No. 563 ("Resp.").) Petitioner's reply to the Government's Response was filed on April 27, 2011 ("Reply"). (Criminal Action No. 1:03-cr-39-1, ECF No. 565 ("Reply").) The undersigned now issues this Report and Recommendation without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II. FACTS

### A. *Conviction and Sentence*

On July 3, 2003, the Grand Jury indicted Petitioner in four counts of a twenty-nine count Indictment involving multiple defendants. (Criminal Action No. 1:03-cr-39-1, ECF No. 1.) Count One charged Petitioner with conspiracy to possess with intent to distribute and to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). (*Id.*) Counts Nineteen, Twenty-Four, and Twenty-Five each charged Petitioner with aiding and abetting the distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2. (*Id.*) On September 4, 2003, the Grand Jury returned a Superceding Indictment against Petitioner and his co-defendants. (Criminal Action No. 1:03-cr-39-1, ECF No. 153.) Count One of the Superceding Indictment charged Petitioner with conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). The other three counts in which Petitioner was charged in the Superceding Indictment were not different from those in the original Indictment.

On December 3, 2003, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Nineteen, aiding and abetting the distribution of cocaine base within 1,000 feet of a

playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2. (Plea Agreement, Criminal Action No. 1:03-cr-39-1, ECF No. 209.) In the plea agreement, the parties stipulated that Petitioner's total drug relevant conduct was 152 grams of cocaine base; however, Petitioner reserved the right to contest at sentencing that the amount of drugs seized on March 1, 2003 during a traffic stop in Pennsylvania should not be included based upon a double jeopardy argument. (*Id.* at 3.) That same day, Petitioner entered his plea of guilty before the Honorable Frederick P. Stamp, Jr., United States District Judge. (Criminal Action No. 1:03-cr-39-1, ECF No. 210.)

Petitioner appeared before Judge Stamp for sentencing on May 17, 2004. (Judgment in a Criminal Case, Criminal Action No. 1:03-cr-39-1, ECF No. 265.) At this time, Petitioner's counsel withdrew his objection to the total amount of drugs based on a double jeopardy issue because of subsequent developments in Pennsylvania. (Sentencing Hrg. Tr., Criminal Action No. 1:03-cr-39-1, ECF No. 281 at 29:7-15.) Judge Stamp sentenced Petitioner to 168 months imprisonment to be followed by a five-year term of supervised release. (*Id.* at 2-3.)

On May 27, 2005, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. (Civil Action No. 1:05-cv-86, ECF No. 1; Criminal Action No. 1:03-cr-39-1, ECF No. 288.) In this Motion, Petitioner raised, *inter alia*, a claim of ineffective assistance of counsel, alleging that his counsel was ineffective for failing to file an appeal. (Memorandum of Law, Civil Action No. 1:05-cv-86, ECF No. 2; Criminal Action 1:03-cr-39-1, ECF No. 289 at 75-77.) On May 6, 2008, the Honorable John S. Kaull, United States Magistrate Judge, issued a Report and Recommendation in which he recommended the denial of all of Petitioner's arguments with the exception of his counsel's failure to file an appeal. (Report and

Recommendation, Civil Action No. 1:05-cv-86, ECF No. 5; Criminal Action No. 1:03-cr-39-1, ECF No. 417.) Judge Stamp adopted Magistrate Judge Kaull's Report and Recommendation on September 12, 2008. (Memorandum Opinion and Order, Civil Action No. 1:05-cv-86, ECF No. 10; Criminal Action No. 1:03-cr-39-1, ECF No. 443.) In granting Petitioner relief on the ground that his trial counsel failed to file an appeal, Judge Stamp noted that Petitioner had ten days in which to file a notice of appeal relevant to the Court's findings on this ground. (*Id.* at 22.) Two weeks later, Judge Stamp entered an amended judgment; however, Petitioner's sentence remained at 168 months incarceration. (Amended Judgment in a Criminal Case, Criminal Action No. 1:03-cr-39-1, ECF No. 448.)

On May 22, 2009, Petitioner, through counsel, filed a Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c). (Criminal Action No. 1:03-cr-39-1, ECF No. 485.) In this motion, Petitioner asked the Court to reduce his guideline range by two levels for an amended sentence of 135 months imprisonment because of the retroactive effect of the 2007 amendments to the crack cocaine Sentencing Guidelines. (*Id.* at 1-2.) On July 7, 2009, Judge Stamp entered an Order reducing Petitioner's sentence to 135 months imprisonment. (Order Reducing Term of Imprisonment as a Result of Amended Guideline Range Pursuant to USSG 1B1.10, Criminal Action No. 1:03-cr-39-1, ECF No. 489.)[1]

---

[1] On September 8, 2011, after filing his instant § 2255 Motion, Petitioner filed a *pro se* Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c). (Criminal Action No. 1:03-cr-39-1, ECF No. 570.) In this motion, Petitioner asked the Court to reduce his sentence to 87 months, based upon the retroactivity of Guideline Amendment 750, which established an 18-to-1 crack to powder cocaine ratio. (*Id.* at 1, 3-4.) On November 1, 2011, Judge Stamp issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) that reduced Petitioner's sentence to 87 months imprisonment. (Criminal Action No. 1:03-cr-39-1, ECF No. 573.) According to the docket sheet in Criminal Action No. 1:03-cr-39-1, Petitioner's motion (ECF No. 570) was terminated as moot at the direction of Judge Stamp's chambers on December 2, 2011.

*B.*     *Direct Appeal*

Petitioner timely filed a notice of appeal relevant to the Court's grant of relief pertaining to the failure to file an appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (Notice of Appeal, Criminal Action No. 1:03-cr-39-1, ECF No. 450.) On appeal, Petitioner's attorney, Federal Public Defender Brian Kornbrath ("FPD Kornbrath") filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted there were no meritorious issues for appeal. *United States v. Abdul-Aziz*, 337 F. App'x, 375, 375, 2009 WL 2132664, at *1 (4th Cir. July 16, 2009). FPD Kornbrath did raise three issues for consideration: 1) whether Petitioner's plea was knowing and voluntary; 2) whether the district court committed plain error by attributing the 108 grams of cocaine base seized during the traffic stop in Pennsylvania to Petitioner; and 3) whether the district court committed plain error by sentencing Petitioner under a mandatory sentencing scheme. *Id.* Petitioner also filed a supplemental *pro se* brief. *Id.* The Fourth Circuit affirmed Petitioner's conviction, finding no meritorious issues for appeal. *Abdul-Aziz*, 337 F. App'x at 376, 2009 WL 2132664, at *2. Petitioner filed a petition for rehearing and petition for rehearing *en banc* (Mot., Ex. 4); however, this was denied by the Fourth Circuit (Mot., Ex. 3).

Petitioner subsequently filed a petition for certiorari in the United States Supreme Court, asserting that the district court committed plain error by sentencing Petitioner under a mandatory application of the Sentencing Guidelines, in violation of *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007). (Mot., Ex. 8 at 3.) The Supreme Court denied Petitioner's petition for a writ of certiorari on April 5, 2010. *Abdul-Aziz v. United States*, 130 S. Ct. 2341 (2010).

C. *Federal Habeas Corpus*

    1. **Petitioner's Motion**

Petitioner alleges two claims of ineffective assistance of counsel in his Motion. Specifically, Petitioner alleges the following:

1. FPD Kornbrath failed to consult Petitioner to determine what issues Petitioner wished to raise on direct appeal;

2. FPD Kornbrath failed to research the law governing discretion given to district courts to reject the 100-to-1 crack to powder cocaine ratio set forth in the Sentencing Guidelines in light of *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 261 (2009) (per curiam).

(Mot., Ex. 8 at 5-6.)

    2. **Government's Response**

In its Response, the Government asserts that Petitioner's two grounds of ineffective assistance of counsel go to the same point, "that being his appellate counsel's failure to raise what the defendant believes was a meritorious appeal." (Resp. at 7.) Specifically, the Government alleges that FPD Kornbrath analyzed the law as it existed in the Fourth Circuit at the time of Petitioner's appeal and that FPD Kornbrath, not Petitioner, was responsible for determining whether there were any meritorious issues to appeal. (*Id.*) The Government argues that Petitioner has not demonstrated that he suffered any actual prejudice from being sentenced under a mandatory guidelines range, and that Petitioner was not prejudiced by any alleged errors of counsel because Petitioner filed his own *pro se* brief with the Fourth Circuit regarding the very issue he asserts that counsel failed to raise. (*Id.* at 8-10.)

### 3. Petitioner's Reply

In his Reply, Petitioner asserts that he is "clearly entitled to relief as to Ground One" because the Government did not address the issue that he raised in this ground. (Reply at 3.) Petitioner also argues that the issue he asserts FPD Kornbrath failed to raise as a meritorious issue is not the same issue he raised in his supplemental *pro se* brief filed with the Fourth Circuit. (*Id.* at 7.) Specifically, Petitioner alleges that in his brief filed with the Fourth Circuit, he argued that his case should be remanded for the district court to use its discretion in considering the sentencing disparity between crack and powder cocaine, and that FPD Kornbrath could have argued that Petitioner's sentence was unreasonable in light of the Supreme Court's ruling in *Kimbrough*. (*Id.* at 7-8.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied and dismissed from the docket because Petitioner has failed to meet the *Strickland* test and demonstrate that FPD Kornbrath rendered ineffective assistance of counsel on direct appeal.

### III. ANALYSIS

### A. *Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

### B.  *Analysis of Petitioner's Claims of Ineffective Assistance of Counsel*

**1.  Claim One: Ineffective Assistance of Counsel For Failing to Consult With Petitioner Regarding the Issues He Wished to Raise on Direct Appeal**

As his first ground for relief, Petitioner asserts that FPD Kornbrath "totally failed to consult" with him "and make a reasonable effort to discover" his wishes or the issues he wished to raise on direct appeal. (Mot., Ex. 8 at 5.) Specifically, Petitioner asserts that after FPD Kornbrath was appointed to represent him on direct appeal, he neither visited or communicated with Petitioner to "ascertain his wishes or to discover appellate issues" nor "explained his evaluation of the case."

(Mot. at 15.) He argues that FPD Kornbrath was deficient by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

The right to effective assistance of counsel extends to a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the *Jones* Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* When evaluating a claim that appellate counsel was ineffective for failing to file a merits brief, courts apply the *Strickland* test as set forth above. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To satisfy the "performance" prong, a petitioner mst show "that his counsel was objectively unreasonable in failing to find arguable issues to appeal–that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* To satisfy the "prejudice" prong, a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* However, the Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

FPD Kornbrath had no constitutional duty to raise every nonfrivolous issue that Petitioner may have requested. *Jones*, 463 U.S. at 751. Even assuming, *arguendo*, that FPD Kornbrath failed to consult with Petitioner regarding appealable issues, Petitioner cannot establish the requisite

prejudice under *Strickland*. In a letter dated December 17, 2008, FPD Kornbrath notified Petitioner that because he had filed an *Anders* brief with the Fourth Circuit, Petitioner had the right to file his own supplemental brief for his direct appeal. (Mot., Ex. 2.) Petitioner took advantage of this opportunity and filed his *pro se* supplemental brief with the Fourth Circuit on May 21, 2009. (Abdul-Aziz's Pro Se Supp. Opening Br., *United States v. Abdul-Aziz*, 337 F. App'x, 375, 2009 WL 2132664 (4th Cir. July 16, 2009) (ECF No. 34) [hereinafter *Pro Se* Brief].)[2] In this brief, Petitioner raised four issues:

> I. Whether the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to resolve a factual dispute over drug quantity attributable to Abdul-Aziz, and, violated U.S.S.G. § 6B1.4 by relying exclusively on the stipulation in the plea agreement to determine the drug quantity for sentencing purposes?
>
> II. Whether the district court violated Abdul-Aziz's Sixth Amendment and statutory *Booker* rights by imposing a sentence that was based on judicially found facts under a mandatory sentencing regime?
>
> III. Whether the district court erred in failing to apply this court's relevant conduct assessment test established in *United States vs. Pauley*, *infra*, by holding Abdul-Aziz responsible for 109 grams of cocaine base as relevant conduct to his offense of conviction?
>
> IV. Whether Abdul-Aziz should be resentenced in light of *Kimbrough vs. United States*, *infra*, and *Spears vs. United States*, *infra*?

(*Id.* at 2.) In its per curiam opinion, the Fourth Circuit affirmed Petitioner's conviction, finding "no meritorious issues for appeal from the conviction" upon review of the entire record. *Abdul-Aziz*, 337 F. App'x, at 376, 2009 WL 2132664, at *2.

Therefore, because Petitioner submitted his own supplemental brief to the Fourth Circuit, and the Fourth Circuit considered this brief, Petitioner has not demonstrated a "reasonable

---

[2] This document is available online at http://www.pacer.gov.

probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith*, 528 U.S. at 285. Because Petitioner has not established the requisite prejudice, this Court need not consider the "performance" prong. *Fields*, 956 F.2d at 1297. Thus, Petitioner's first ground for relief should be denied.

> **2.      Ground Two: Ineffective Assistance for Failing to Investigate the Law Allowing District Courts Discretion in Rejecting the 100-to-1 Crack to Powder Cocaine Ratio In Light of *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 261 (2009)**

As his second ground for relief, Petitioner asserts that, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 261 (2009) (per curiam), FPD Kornbrath failed to investigate the law allowing district courts to use discretion to determine whether to reject the 100-to-1 ratio of crack to powder cocaine in place at the time of Petitioner's sentencing and appeal. (Mot., Ex. 8 at 6.) As Petitioner alleges, "the facts of this case 'vigorously show that had Attorney Kornbrath raised an argument challenging the 100-to-1 crack-powder disparity used in Abdul-Aziz, in light of *Kimbrough*. [sic] It was almost insurmountable for Abdul-Aziz to not have prevailed on direct appeal." (Mot. at 33.) Overall, Petitioner suggests that if FPD Kornbrath had "adequately investigated the facts and law connected to his sentence for crack cocaine," he would have discovered at least one nonfrivolous argument–that Petitioner's sentence was unreasonable in light of the Supreme Court's ruling in *Kimbrough*. (*Id.* at 19.) However, Petitioner's argument is without merit, and his second ground should be denied.

In 2007, the Supreme Court ruled that, when making a determination whether "a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing," the district judge "may consider the disparity between the Guidelines' treatment of crack and powder cocaine. *Kimbrough*, 552 U.S. at 91. At the time *Kimbrough* was decided, both the statute criminalizing the

manufacture and distribution of crack cocaine and the relevant Guidelines subjected a drug trafficker dealing in crack cocaine "to the same sentence as one dealing in 100 times more powder cocaine." *Id.* Two years later, in a per curiam decision, the Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears*, 555 U.S. at 265-66. By clarifying its ruling in *Kimbrough*, the Court noted that district courts that find the 100:1 ratio excessive are permitted to apply a different ratio at sentencing. *See id.* at 267.

As an initial matter, the Court finds that FPD Kornbrath did not commit ineffective assistance of counsel for failing to cite *Spears* in the brief he submitted on behalf of Petitioner's appeal. Petitioner's opening brief was due to the Fourth Circuit by December 17, 2008, and FPD Kornbrath filed his brief that same day. (*See* Briefing Order–Criminal/Grand Jury, *United States v. Abdul-Aziz*, 337 F. App'x, 375, 2009 WL 2132664 (4th Cir. July 16, 2009) (ECF No. 8); Brief of Appellant Mateen Abdul-Aziz, *United States v. Abdul-Aziz*, 337 F. App'x, 375, 2009 WL 2132664 (4th Cir. July 16, 2009) (ECF No. 9) [hereinafter *Anders* Brief].)[3] The Supreme Court decided *Spears* on January 21, 2009. *See generally Spears*, 555 U.S. 261. The Fourth Circuit has held that "an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996) (citing *Kornahrens v. Evatt*, 66 F.3d 1250 (4th Cir. 1995)) (alteration in original). While *Spears* served more to clarify the Court's ruling in *Kimbrough* than to create a new rule of law, FPD Kornbrath was not constitutionally deficient for failing to cite a ruling that had yet to be issued in his opening brief.

"[R]eviewing courts must accord appellate counsel the presumption that he decided which

---

[3] These documents are available online at http://www.pacer.gov.

issues were most likely to afford relief on appeal." *Bell*, 236 F.3d at 164. When evaluating a petitioner's claim that appellate counsel was ineffective for failing to file a merits brief, courts apply the *Strickland* test as set forth above. *Smith*, 528 U.S. at 285. Therefore, to satisfy the "performance" prong, a petitioner mst show "that his counsel was objectively unreasonable in failing to find arguable issues to appeal–that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* To satisfy the "prejudice" prong, a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

Petitioner has not met his burden of demonstrating that FPD Kornbrath was "objectively unreasonable in failing to find arguable issues to appeal." *Smith*, 528 U.S. at 285. If FPD Kornbrath had chosen to raise a *Kimbrough* issue on appeal, he would have had to establish that the district court committed plain error because this issue was not raised initially with the district court. To establish plain error, an appellant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). When arguing that a district court's treatment of the Sentencing Guidelines as mandatory rather than advisory was plain error, an appellant must demonstrate that "the record as a whole provides no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" *United States v. White*, 405 F.3d 208, 223 (4th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

At sentencing, Judge Stamp stated:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that you be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 168 months. That is at the lowest end of the Guideline range. I think that that will still reflect the total relevant conduct. It will reflect the

> very serious nature of this federal drug trafficking conviction and the facts that underlie the conviction. I think that it will also serve the sentencing objectives.
>
> I agree with Mr. Pool that one has to note affirmatively that which is set forth in paragraph 96 of the presentence report regarding your educational accomplishments. At the same time, people can't ignore what is contained on pages 13 through 20 of the presentence report, which is a very extensive criminal history record.

(Sentencing Hrg. Tr. at 34:14-35:3.) Judge Stamp did not make any statements at Petitioner's sentencing indicated that he wished to sentence Petitioner below the Guidelines range but that he was precluded from doing so because of the Guidelines. The record provides "no nonspeculative basis" for this Court to conclude that the district court's treatment of the Guidelines as mandatory affected its selection of Petitioner's sentence. *See White*, 403 F.3d at 223. Petitioner would not have been able to establish plain error on appeal to the Fourth Circuit, and therefore he has not met his burden of demonstrating that FPD Kornbrath unreasonably failed to raise the *Kimbrough* issue on appeal.

Even assuming, *arguendo*, that FPD Kornbrath unreasonably failed to discover and research this argument, Petitioner cannot establish the requisite prejudice under *Strickland*. As noted above, Petitioner took the opportunity to file a *pro se* supplemental brief after FPD Kornbrath filed his *Anders* brief. As his fourth issue raised for appellate review, Petitioner asked whether he "should be resentenced in light of *Kimbrough vs. United States*, *infra*, and *Spears vs. United States*, *infra*." (*Pro Se* Brief at 2.) In its per curiam opinion, the Fourth Circuit affirmed Petitioner's conviction, finding "no meritorious issues for appeal from the conviction" upon review of the entire record. *Abdul-Aziz*, 337 F. App'x, at 376, 2009 WL 2132664, at *2. Specifically, the Fourth Circuit found "no nonspeculative basis for concluding that the treatment of the Guidelines as mandatory prejudiced Abdul-Aziz" and that there was "no plain error insofar as the court did not consider the

sentencing disparity between crack cocaine and powder cocaine." *Id.*

In his Reply, Petitioner asserts that the issue he argues FPD Kornbrath failed to raise is not the same issue raised in either his *pro se* supplemental brief filed with the Fourth Circuit or the petition for a writ of certiorari filed with the United States Supreme Court. (Reply at 7.) Specifically, Petitioner states that his argument in his *pro se* brief was that his case should be remanded for resentencing in light of the Court's rulings in *Kimbrough* and *Spears*. (*Id.*) He states that in the petition for a writ of certiorari, FPD Kornbrath "sought a writ to resolve a circuit split concerning resentencing for the crack/powder cocaine disparity." (*Id.*) He distinguishes these claims from the claim he alleges FPD Kornbrath could have raised on direct appeal; that is, "'[i]n light of the Supreme Court's ruling in *Kimbrough v. United States*, Abdul-Aziz's 135 month sentence for crack cocaine is unreasonable."[4] (*Id.* at 8.) Petitioner relies on quoted language from each filing to suggest that these are three distinct arguments (Reply at 7-8); however, the undersigned finds that they are variations of the same issue.

In sum, Petitioner has not met the *Strickland* test to demonstrate that FPD Kornbrath rendered ineffective assistance of counsel by not arguing that Petitioner's sentence was unreasonable in light of the Court's decisions in *Kimbrough* and *Spears*. Specifically, Petitioner has also not demonstrated a "reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal" because he himself presented the issue in question to the Fourth Circuit. *Smith*, 528 U.S. at 285. Thus, Petitioner's second ground for relief

---

[4] Petitioner erroneously states the length of his sentence at the time of his direct appeal to the Fourth Circuit. At the time his appeal was filed, Petitioner had been sentenced to 168 months imprisonment. (*Anders* Brief at 3.) After his appeal was filed, Petitioner's sentence was reduced to 135 months imprisonment pursuant to an Order entered by Judge Stamp on July 7, 2009, nine days before the Fourth Circuit entered its ruling on Petitioner's direct appeal. (Criminal Action No. 1:03-cr-39-1, ECF No. 489.)

should be denied.

## IV. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action 1:11-cv-21, ECF No. 1; Criminal Action No. 1:03-cr-39-1, ECF No. 552) be **DENIED** and **DISMISSED** from the docket because Petitioner has failed to meet the *Strickland* test and demonstrate that FPD Kornbrath rendered ineffective assistance of counsel on direct appeal.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Mateen J. Abdul-Aziz.

**DATED:** December 5, 2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE