IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MATEEN J. ABDUL-AZIZ
a/k/a "Charles Brewer"
a/k/a "Tuna,"

    Petitioner,

v.                                      Civil Action No. 1:11CV21
                                        (Criminal Action No. 1:03CR39-01)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2255 PETITION BE DENIED**

I. Background

In July 2003, the pro se[1] petitioner, Mateen J. Abdul-Aziz ("Abdul-Aziz" or "Petitioner") was indicted in four counts of a twenty-nine count indictment involving multiple defendants. Following the filing of a superseding indictment, petitioner entered into a plea agreement wherein he agreed to plead guilty to Count Nineteen of the superseding indictment, aiding and abetting the distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2. The plea agreement stipulated that the petitioner's total drug relevant conduct was 152 grams of cocaine base, but the petitioner retained the right to contest that the amount of drugs

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

seized at a March 1, 2003 traffic stop in Pennsylvania should not be included based upon double jeopardy.  The petitioner entered his plea of guilty pursuant to this plea agreement on July 3, 2003 before the undersigned judge.

On May 17, 2004, petitioner was sentenced to 168 months imprisonment.  At sentencing, he withdrew his objection relating to the inclusion of the drugs seized at the March 1, 2003 traffic stop.  One year later, petitioner filed a § 2255 motion claiming, among other things, ineffective assistance of counsel because counsel failed to file an appeal.  United States Magistrate Judge John S. Kaull issued a report and recommendation, recommending denial of all of petitioner's arguments with the exception of counsel's failure to file an appeal, which this Court adopted.

As a result of this Court's grant of the petitioner's § 2255 regarding direct appeal, the petitioner filed a notice of appeal of his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.  On appeal, the petitioner's counsel, Federal Public Defender Brian Kornbrath, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), wherein he asserted that he believed that there were no meritorious issues for appeal. However, counsel raised three issues for consideration on appeal: (1) whether the petitioner's plea was knowing and voluntary; (2) whether the district court committed plain error by attributing the 108 grams of cocaine base seized during the March 1, 2003 traffic

stop to petitioner; and (3) whether the district court committed plain error by sentencing petitioner under a mandatory sentencing scheme. Petitioner also filed a supplemental pro se brief. The Fourth Circuit denied the petitioner's appeal, finding no meritorious issues. The petitioner's subsequent motion for rehearing en banc, and motion for writ of certiorari in the United States Supreme Court were denied as well.

The petitioner then filed this federal habeas motion pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel on appeal. Specifically, Abdul-Aziz alleged that his counsel rendered constitutionally ineffective assistance when he: (1) "failed to consult with Abdul-Aziz and make a reasonable effort to discover Abdul-Aziz's wishes or, the issues he wished to raise on Direct Appeal" and (2) "failed to vigorously investigate the law affording district court's [sic] discretion to reject the 100 to 1 crack/ powder cocaine ratio set forth in the Sentencing Guidelines." ECF No. 1 *14, *17.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation. Magistrate Judge Joel directed the United States to respond to the petition, and following its response and the petitioner's reply, issued a report and recommendation recommending that petitioner's § 2255 motion be denied and dismissed. In his report and

recommendation, the magistrate judge informed the petitioner of his right to object to the recommendations therein within fourteen days after being served with a copy of the report and recommendation. The petitioner did not file objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his § 2255 motion, petitioner raises two claims for ineffective assistance of counsel: (1) that counsel failed to consult the petitioner to determine what issues petitioner wished to raise on direct appeal; and (2) that counsel failed to research the law governing discretion given to district courts to reject the 100-to-1 crack to powder cocaine ratio set forth in the Sentencing Guidelines in light of Kimbrough v. United States, 552 U.S. 85 (2007), and Spears v. United States, 555 U.S. 261 (2009). In its response, the United States argued that petitioner's two claims could be condensed into one argument: that petitioner's appellate counsel failed to raise an argument on appeal that the petitioner believed to have been a meritorious one. The United States further asserted that the petitioner failed to establish ineffective assistance of counsel because it cannot be shown that counsel

rendered ineffective assistance by disagreeing with the petitioner regarding meritorious issues for appeal, and also because no actual prejudice can be shown, as the petitioner filed a pro se brief which set forth the issue that he claims that counsel failed to raise.

The magistrate judge found that, under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the petitioner has failed to show ineffective assistance of counsel. In <u>Strickland</u>, the United States Supreme Court set forth a two pronged test for establishing that counsel was constitutionally deficient. First, the "defendant must show that counsel's performance was deficient," and second, "the defendant must show that the deficient performance prejudiced the defense." <u>Id.</u> The two prongs are commonly referred to as the "performance" prong and the "prejudice" prong, respectively. <u>Fields v. Att'y Gen. of Md.</u>, 956 F.2d 1290, 1297 (4th Cir. 1992). To satisfy the performance prong, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. To satisfy the prejudice prong regarding appellate counsel, the petitioner "must show a reasonable probability that, but for his counsel's [deficient representation], he would have prevailed on his appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000). The petitioner has the burden of proving an allegation of ineffective assistance of counsel by a

preponderance of the evidence. United States v. Moore, 993 F.2d 1541 (4th Cir. 1993).

In line with the above standard, Magistrate Judge Joel found that the petitioner failed to satisfy either of the necessary Strickland prongs. First, he found that, because under Jones v. Barnes, 463 U.S. 745, 751 (1983), appellate counsel is under no constitutional duty to raise all nonfrivolous issues requested by the client, counsel's decision to not raise all issues desired by the petitioner was not defective representation. Further, Magistrate Judge Joel found that, even if appellate counsel did not meet with petitioner at all before filing his appeal brief, and such constituted defective representation, the petitioner cannot show that he was prejudiced by this failure. After petitioner's counsel filed an Anders brief with the Fourth Circuit, he notified the petitioner that he had the right to file his own supplemental brief for his direct appeal. The petitioner chose to do so, and filed a pro se supplemental brief with the Fourth Circuit which raised all issues on appeal that he had desired to bring. The Fourth Circuit, after consideration of the brief, affirmed petitioner's conviction and found no meritorious issues for appeal from the conviction upon review of the entire record.

The magistrate judge asserts that because the petitioner submitted his own brief to the Fourth Circuit and the Fourth Circuit considered his brief, petitioner has not demonstrated a

6

"reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith, 528 U.S. at 285. This Court agrees with the magistrate judge, and thus adopts Magistrate Judge Joel's findings on this claim.

Similarly, this Court agrees with Magistrate Judge Joel that appellate counsel's failure to "investigate the law allowing district courts discretion in rejecting the 100-to-1 crack to powder cocaine ratio" was not constitutionally deficient. Spears v. United States, 555 U.S. 261 (2009) (per curiam), the case which clarified Kimbrough v. United States, 552 U.S. 82 (2007), in holding that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines" was not decided until nearly a month following counsel's filing of his Anders brief with the Fourth Circuit. Spears, 555 U.S. at 264-65. As the magistrate judge notes, counsel's representation cannot be found to be constitutionally deficient for failing to foresee the Court's holding in Spears before it was rendered.

The magistrate judge also found that, even if petitioner's counsel had known of the non-mandatory nature of the 100-to-1 crack to powder cocaine ratio, there was no evidence in the record that the undersigned judge sentenced the defendant based upon a belief that the same was mandatory. Thus, the magistrate judge asserts,

7

the failure to raise the issue on appeal was not objectively unreasonable. Further, Magistrate Judge Joel also found that, again, the petitioner's pro se brief on appeal, which raised all of the issues that he sought to raise before the Fourth Circuit, forecloses any possibility of prejudice. This Court adopts the magistrate judge's findings as to this assertion of ineffective assistance as well.

IV. Conclusion

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record

herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 9, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE